UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
____

MARCUS LARON TERRELL,

          Petitioner,           Case No. 1:22-cv-32

v.                                    Honorable Sally J. Berens

JOHN DAVIDS,

          Respondent.
_____/

**OPINION**

This is a habeas corpus action brought by a state prisoner under 28 U.S.C. § 2254. Petitioner has consented to the conduct of all proceedings in this case, including entry of a final judgment and all post-judgment matters, by a United States magistrate judge. (Pet., ECF No. 1, PageID.13.)

Promptly after the filing of a petition for habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing § 2254 Cases; *see* 28 U.S.C. § 2243. If so, the petition must be summarily dismissed. Rule 4; *see Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen out" petitions that lack merit on their face). A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false. *Carson v. Burke*, 178 F.3d 434, 436–37 (6th Cir. 1999). The Court may *sua sponte* dismiss a habeas action as time-barred under 28 U.S.C. § 2244(d). *Day v. McDonough,* 547 U.S. 198, 209 (2006). After undertaking the review required

by Rule 4, the Court concludes that the petition is barred by the one-year statute of limitations. Nonetheless, the Court will permit Petitioner, by way of an order to show cause, an opportunity to demonstrate why his petition should not be dismissed as untimely.

## Discussion

### I.     Factual Allegations

Petitioner Marcus Laron Terrell is incarcerated with the Michigan Department of Corrections at the Ionia Correctional Facility (ICF) in Ionia, Ionia County, Michigan. On October 11, 2019, Petitioner pleaded guilty in the Kent County Circuit Court to second-degree murder, in violation of Mich. Comp. Laws § 750.317, and unarmed robbery, in violation of Mich. Comp. Laws § 750.530. On November 14, 2019, the court sentenced Petitioner to a prison term of 29 to 80 years for murder to be served concurrently with a prison term of 8 to 15 years for robbery. (J. of Sentence, ECF No. 1-1, PageID.35.) Those sentences were to be served consecutively to sentences imposed by the Wayne County Circuit Court on April 14, 2009, for which Petitioner was on parole at the time he committed the Kent County offenses. (*Id.*)

Petitioner's submissions to this Court do not provide a detailed factual recitation; however, the Michigan Court of Appeals brief attached to the petition reveals that Petitioner was charged with killing Benjamin Coates on October 19, 2018. (Pet'r's Br., ECF No. 1-1, PageID.23.) The brief indicates that Petitioner "became enraged with the victim when seeing him with [Petitioner's] fiancé doing lines of cocaine." (*Id.*, PageID.24.) A confrontation ensued. The victim was asked to leave, but he would not. Petitioner, ostensibly to protect his kids, fought the victim. Petitioner "blacked out and took out all [of his] pent up anger on Mr. Coat[e]s." (*Id.*) During the plea proceeding, Petitioner confirmed the statement that he, "[d]uring the course of this robbery, [was] stealing drugs and money, [and] strangled Benjamin Coates to death." (*Id.*, PageID.26.) Petitioner also acknowledges in the petition that "[t]his was a drug deal." (Pet., ECF No. 1, PageID.5.)

2

Petitioner was not arrested until months after the killing, when his fiancé disclosed Petitioner's involvement to police.

The trial court evaluated Petitioner's competency as part of the pretrial proceedings. (Kent Cnty. Cir. Ct. Register of Actions, ECF No. 1-1, PageID.38–39.) The court found Petitioner to be competent. The proceedings continued until the first day of trial when Petitioner entered his plea. The prosecutor dropped a first-degree murder charge and a third habitual offender enhancement, and agreed to a minimum sentence of 29 years, in exchange for Petitioner's guilty plea to second-degree murder and unarmed robbery. The Court accepted the plea and sentenced Petitioner consistently with the agreement, as described above.

After sentencing, Petitioner filed a motion to withdraw his plea. (Kent Cnty. Cir. Ct. Register of Actions, ECF No. 1-1, PageID.41.) The trial court denied that relief. (Kent Cnty. Cir. Ct. Order, ECF No. 1-1, PageID.36.) Petitioner, with the assistance of counsel, appealed his convictions and sentences to the Michigan Court of Appeals, raising two issues: (1) the plea was involuntary because the record does not include a factual basis and because the bargain was illusory; and (2) the trial court erred when assessing points under offense variables 6 and 19. (Pet'r's Br., ECF No. 1-1, PageID.22.) By order entered October 9, 2020, the Michigan Court of Appeals denied relief for lack of merit in the grounds presented.[1]

On January 7, 2022, Petitioner filed his habeas corpus petition. Under Sixth Circuit precedent, the application is deemed filed when handed to prison authorities for mailing to the

---

[1] *See* https://www.courts.michigan.gov/case-search/?r=1 (search "Marcus Terrell," select "COA #353772," visited Jan. 13, 2022). Petitioner failed to timely file an application for leave to appeal the Michigan Court of Appeals decision to the Michigan Supreme Court. *Id.*; *see also* (Pet., ECF No. 1, PageID.2.) Petitioner acknowledges the result, but he equivocates as to whether that decision came from the Michigan Court of Appeals or the Michigan Supreme Court. (Pet., ECF No. 1, PageID.2, 4.)

federal court. *Cook v. Stegall*, 295 F.3d 517, 521 (6th Cir. 2002). Petitioner placed his petition in the prison mailing system on January 7, 2022. (Pet., ECF No. 1, PageID.13.) The petition raises four issues: the two issues Petitioner raised on direct appeal, and two new issues. The new issues are "Unofficial consoling," which the Court interprets as ineffective assistance of counsel based on Petitioner's description of the supporting facts (*Id*., PageID.7); and "Uncreditable witness," which appears to challenge the report by "the mother of [Petitioner's] child" of Petitioner's involvement in the crime (*Id*., PageID.10).

## II.     Statute of Limitations

Petitioner's application appears to be barred by the one-year statute of limitations provided in 28 U.S.C. § 2244(d)(1), which became effective on April 24, 1996, as part of the Antiterrorism and Effective Death Penalty Act, Pub. L. No. 104-132, 110 Stat. 1214 (AEDPA). Section 2244(d)(1) provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of
>
> (A)     the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B)     the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C)     the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D)     the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

In most cases, Section 2244(d)(1)(A) provides the operative date from which the one-year limitations period is measured. Under that provision, the one-year limitations period runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A).

According to his habeas application, Petitioner filed an application for leave to appeal his conviction to the Michigan Court of Appeals, which was denied on October 9, 2020. Petitioner did not seek leave to appeal to the Michigan Supreme Court. Where a petitioner has failed to pursue an avenue of appellate review available to him, the time for seeking review at that level is counted under Section 2244(d)(1)(A). *See* 28 U.S.C. § 2244(d)(1)(A) (time for filing a petition pursuant to Section 2254 runs from "the date on which the judgment became final by the conclusion of direct review *or the expiration of time for seeking such review*") (emphasis added). However, such a petitioner is not entitled to also count the 90-day period during which he could have filed a petition for certiorari to the United States Supreme Court. *See Gonzalez v. Thaler*, 565 U.S. 134, 152–53 (2012) (holding that, because the Supreme Court can review only judgments of a state's highest court, where a petitioner fails to seek review in the state's highest court, the judgment becomes final when the petitioner's time for seeking that review expires).

Under Michigan law, a party has 56 days in which to apply for leave to appeal to the Michigan Supreme Court. *See* Mich. Ct. R. 7.305(C)(2). Accordingly, Petitioner's conviction became final on Monday, December 7, 2020.[2] Petitioner had one year from that date, or until December 7, 2021, in which to file his habeas application. Petitioner filed on January 7, 2022.

---

[2] The 56th day after the Court of Appeals denied relief is actually December 6, 2020, but that date falls on a Sunday. Under Michigan Court Rule 1.108, the last day of a period of days is included, unless that day falls on a Saturday, Sunday, or legal holiday. "[I]n that event, the period runs until he end of the next day that is not a Saturday, Sunday, [or] legal holiday . . . ." Mich. Ct. R. 1.108(1).

5

Obviously Petitioner filed more than one year after the time for direct review expired. Thus, absent tolling, his application is time-barred.

The running of the statute of limitations is tolled when "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2); *see also Duncan v. Walker*, 533 U.S. 167, 181–82 (2001) (limiting the tolling provision to only state, and not federal, processes); *Artuz v. Bennett*, 531 U.S. 4, 8 (2000) (defining "properly filed"). Petitioner indicates that he did not file an application for post-conviction review. (Pet., ECF No. 1, PageID.3.)

The one-year limitations period applicable to Section 2254 is also subject to equitable tolling. *See Holland v. Florida*, 560 U.S. 631, 645 (2010). A petitioner bears the burden of showing that he is entitled to equitable tolling. *Allen v. Yukins*, 366 F.3d 396, 401 (6th Cir. 2004). The Sixth Circuit repeatedly has cautioned that equitable tolling relief should be granted "sparingly." *See, e.g.*, *Ata v. Scutt,* 662 F.3d 736, 741 (6th Cir. 2011); *Solomon v. United States*, 467 F.3d 928, 933 (6th Cir. 2006); *Souter v. Jones*, 395 F.3d 577, 588 (6th Cir. 2005); *Cook*, 295 F.3d at 521. A petitioner seeking equitable tolling must show: "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland*, 560 U.S. at 649 (citing *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)).

Petitioner does not expressly invoke equitable tolling, but perhaps anticipating that timeliness might be a problem, he does offer the following:

> I'm mentally ill and try to do my best at law work but I lack the knowledge. I was on quar[an]tine during the time of filing. My facility was on lock down 2020 and all mail was prolong. And now we [are] on lock down again 2021 due to another COVID-19. So I try to work without an attorney because I don't have the funds.

(Pet., ECF No. 1, PageID.12.)

6

The fact that Petitioner is untrained in the law, was proceeding without a lawyer, or may have been unaware of the statute of limitations does not warrant tolling. *See Keeling v. Warden, Lebanon Corr. Inst.*, 673 F.3d 452, 464 (6th Cir. 2012) ("Keeling's *pro se* status and lack of knowledge of the law are not sufficient to constitute an extraordinary circumstance and to excuse his late filing."); *Allen*, 366 F.3d at 403 ("'[I]gnorance of the law alone is not sufficient to warrant equitable tolling.'") (quoting *Rose v. Dole*, 945 F.2d 1331, 1335 (6th Cir. 1991)).

In *Ata*, 662 F.3d at 741–42, the Sixth Circuit held that mental incompetence may be an extraordinary circumstance within the meaning of *Holland*, 560 U.S. at 631. Merely stating that a petitioner is mentally ill or incompetent, however, is not enough. To prove mental incompetence that would toll the statute of limitations, "a petitioner must demonstrate that (1) he is mentally incompetent, and (2) his mental incompetence caused his failure to comply with [the] AEDPA's statute of limitations." *Ata*, 662 F.3d at 742. "[A] blanket assertion of mental incompetence is insufficient to toll the statute of limitations. Rather, a causal link between the mental condition and untimely filing is required." *Id*. In addition, the court applied the standard set forth in *Schriro v. Landrigan*, 550 U.S. 465, 474–75 (2007), to determine whether the petitioner has made a sufficient showing to warrant an evidentiary hearing. An evidentiary hearing is only required when the petitioner's allegations are sufficient to support equitable tolling, and the assertions are not refuted by the record or otherwise without merit. *Ata*, 662 F.3d at 742.

In Petitioner's case, even the limited state court record he has supplied does not support an assertion that Petitioner's mental challenges—whatever they may be—warrant equitable tolling of the period of limitation. The issue of competence was decided by the state court on the basis of a psychiatrist's report, and Petitioner was found to be competent. Petitioner never challenged that determination in the trial court or on appeal. The state court's finding in that regard is entitled to

7

some deference on habeas review. The state court's factual determination of Petitioner's competence is presumed to be correct and can only be rebutted by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

Petitioner also suggests that the law library restrictions put in place in response to the COVID-19 pandemic are an extraordinary circumstance that stood in the way of timely filing his petition. The Court accepts the first part of Petitioner's suggestion—that the COVID-19 pandemic and the consequent restrictions are an extraordinary circumstance. But there are no facts alleged in the petition or supporting materials to support the second part of the suggestion—that the restrictions prevented the timely filing of his petition.

The form petition Petitioner filed makes clear that petitioners are not required to argue or cite law in support of their petition. *See, e.g.*, (Pet., ECF No. 1, PageID.5) ("Do not argue or cite law. Just state the specific facts that support your claim."). Moreover, the requirement that habeas petition issues be first exhausted in the state courts essentially requires that Petitioner present only arguments that have been presented before to the state courts. In fact, the only law that is cited in support of Petitioner's claims appears in his state court appellate brief that he attaches to the petition. Petitioner offers no explanation how or why the restrictions prevented him from filing the same petition months earlier.

Finally, in *McQuiggin v. Perkins*, 569 U.S. 383 (2013), the Supreme Court held that a habeas petitioner who can show actual innocence under the rigorous standard of *Schlup v. Delo*, 513 U.S. 298 (1995), is excused from the procedural bar of the statute of limitations under the miscarriage-of-justice exception. In order to make a showing of actual innocence under *Schlup*, a Petitioner must present new evidence showing that "'it is more likely than not that no reasonable juror would have convicted [the petitioner.]'" *McQuiggin*, 569 U.S. at 399 (quoting *Schlup*, 513

U.S. at 327 (addressing actual innocence as an exception to procedural default)).  Because actual innocence provides an exception to the statute of limitations rather than a basis for equitable tolling, a petitioner who can make a showing of actual innocence need not demonstrate reasonable diligence in bringing his claim, though a court may consider the timing of the claim in determining the credibility of the evidence of actual innocence.  *Id.* at 399–400.

In the instant case, although Petitioner may baldly claim that he is actually innocent, he proffers no new evidence of his innocence, much less evidence that makes it more likely than not that no reasonable juror would have convicted him.  *Schlup*, 513 U.S. at 327, 329.  Moreover, because the heart of Petitioner's claim is that he was guilty of a lesser crime—manslaughter—not innocent of all crimes,[3] his petition does not implicate the protection afforded by *McQuiggin*.

For all of these reasons, the petition appears to be time-barred.

The Supreme Court has directed the District Court to give fair notice and an adequate opportunity to be heard before dismissal of a petition on statute of limitations grounds.  *See Day*, 547 U.S. at 210; *see also Nassiri v. Mackie*, 967 F.3d 544, 548 (6th Cir. 2020).  The Court will allow Petitioner 28 days to show cause why the petition should not be dismissed as untimely.

An order consistent with this opinion will be entered.


Dated: January 25, 2022                                          /s/ Sally J. Berens
                                                                 SALLY J. BERENS
                                                                 U.S. Magistrate Judge

---

[3] Petitioner does not even appear to contest that he is guilty of unarmed robbery.