UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

MARCUS LARON TERRELL,

                    Petitioner,                    Case No. 1:22-cv-32

v.                                                 Honorable Sally J. Berens

JOHN DAVIDS,

                    Respondent.
_____/

## OPINION

    This is a habeas corpus action brought by a state prisoner under 28 U.S.C. § 2254. Pursuant to 28 U.S.C. § 636(c) and Rule 73 of the Federal Rules of Civil Procedure, Petitioner consented to proceed in all matters in this action under the jurisdiction of a United States magistrate judge. (ECF No. 1, PageID.13.)  Section 636(c) provides that "[u]pon the consent of the parties, a full-time United States magistrate judge . . . may conduct any or all proceedings in a jury or nonjury civil matter and order the entry of judgment in the case . . . ." 28 U.S.C. § 636(c).

    This case is presently before the Court for preliminary review pursuant to 28 U.S.C. § 2253 and Rule 4 of the Rules Governing § 2254 Cases.  The Court is required to conduct this initial review prior to the service of the petition. Rule 4, Rules Governing § 2254 Cases.

    Service of the petition on the respondent is of particular significance in defining a putative respondent's relationship to the proceedings.  "An individual or entity named as a defendant is not obliged to engage in litigation unless notified of the action, and brought under a court's authority, by formal process." *Murphy Bros. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347 (1999). "Service of process, under longstanding tradition in our system of justice, is fundamental to any

Case 1:22-cv-00032-SJB   ECF No. 7, PageID.65   Filed 03/09/22   Page 2 of 10

procedural imposition on a named defendant." *Id*. at 350.  "[O]ne becomes a party officially, and is required to take action in that capacity, only upon service of a summons or other authority-asserting measure stating the time within which the party served must appear and defend." *Id*. (citations omitted).  That is, "[u]nless a named defendant agrees to waive service, the summons continues to function as the *sine qua non* directing an individual or entity to participate in a civil action or forgo procedural or substantive rights." *Id.* at 351.

Rule 4, by requiring courts to review and even resolve the petition before service, creates a circumstance where there may only be one party to the proceeding—the petitioner.  Because the Respondent has not yet been served, the undersigned concludes that Respondent is not presently a party whose consent is required to permit the undersigned to conduct a preliminary review of the petition.  *See Neals v. Norwood*, 59 F.3d 530, 532 (5th Cir. 1995) ("The record does not contain a consent from the defendants[; h]owever, because they had not been served, they were not parties to the action at the time the magistrate entered judgment.").[1]  Petitioner's consent is sufficient to permit the Court to conduct the Rule 4 review.

---

[1] *But see Coleman v. Lab. & Indus. Rev. Comm'n of Wis.*, 860 F.3d 461, 471 (7th Cir. 2017) (concluding that, when determining which parties are required to consent to proceed before a United States magistrate judge under 28 U.S.C. § 636(c), "context matters" and the context the United States Supreme Court considered in *Murphy Bros.* was nothing like the context of a screening dismissal pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c)); *Williams v. King*, 875 F.3d 500, 503–04 (9th Cir. 2017) (relying on Black's Law Dictionary for the definition of "parties" and not addressing *Murphy Bros.*); *Burton v. Schamp*, __ F.4th __, 2022 WL 322883, at *4–6, *4 n.26 (3d Cir. Feb. 10, 2022) (premising its discussion of "the term 'parties' solely in relation to its meaning in Section 636(c)(1), and . . . not tak[ing] an opinion on the meaning of 'parties' in other contexts").

## I.     Statute of Limitations

The Court has already conducted an initial preliminary review of the petition under Rule 4. The Court concluded that Petitioner had failed to timely file his petition, but allowed Petitioner 28 days to show cause why his petition should not be dismissed as untimely.  (Op. and Order, ECF Nos. 4, 5.)  Petitioner responded on February 7, 2022. (ECF No. 6.)

Petitioner explains why he did not timely file his petition as follows:  his facility was subject to COVID-19-related lockdowns that interfered with Petitioner sending and receiving mail and, presumably, access to the law library; Petitioner suffers from mental illnesses—post-traumatic stress and bipolar disorders—for which he takes psychotropic medications; and Petitioner wrote the Court "multiple times" for form petitions to no avail.  (Pet'r's Response, ECF No. 6, PageID.58–59.)  Based on these considerations, Petitioner asks the Court to equitably toll the period of limitations.

The Court's January 25, 2022, opinion set out the timeline for Petitioner's state court proceedings and the running of the 28 U.S.C. § 2244 statute of limitations.  Petitioner's response does not include any facts to suggest that he availed himself of the opportunity to toll the state-court deadline for the filing of his application for leave to appeal in the Michigan Supreme Court. Mich.  Supreme Ct. Admin. Order No. 2020-21 (permitting incarcerated persons to file a timely notice letter with the Michigan Supreme Court to toll the running of the deadline to file an application for leave to appeal).  Moreover, Petitioner does not claim that he filed any state-court collateral attack that might have tolled the period of limitation under 28 U.S.C. § 2244(d)(2). Accordingly, Petitioner does not challenge the dates the Court provided for the commencement and expiration of the period of limitation—December 7, 2020, and December 7, 2021, respectively.

3

Petitioner indicates that he wrote this Court multiple times requesting the court-approved form habeas petition.  Court records do not support Petitioner's claim.  The Court's docket indicates that Petitioner sent one such request postmarked November 29, 2021.  The Clerk of Court responded by correspondence dated December 9, 2021, enclosing multiple form petitions and applications to proceed *in forma pauperis*.

Petitioner also claims that his filing was hampered by COVID-19-related prison lockdowns and his mental illnesses.  For the reasons set forth in the Court's January 25, 2022 opinion, it is not clear that either circumstance stood in Petitioner's way such that it prevented timely filing.  Nonetheless, because Petitioner was only a few weeks late, resolution of the equitable tolling issue warrants a deeper inquiry.  The Court concludes that a determination regarding the timeliness of the petition must await a more complete record.

## II.    Exhaustion

Moving past the timeliness issue, the Court must again undertake the preliminary review of the petition required by Rule 4 and 28 U.S.C. § 2243, to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court."  Rule 4, Rules Governing § 2254 Cases.  If so, the petition must be summarily dismissed.  Rule 4; *see Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen out" petitions that lack merit on their face).

Petitioner Marcus Laron Terrell is incarcerated with the Michigan Department of Corrections at the Ionia Correctional Facility (ICF) in Ionia, Ionia County, Michigan.   On October 11, 2019, Petitioner pleaded guilty in the Kent County Circuit Court to second-degree murder, in violation of Mich. Comp. Laws § 750.317, and unarmed robbery, in violation of Mich. Comp. Laws § 750.530.  On November 14, 2019, the court sentenced Petitioner to a prison term of 29 to 80 years for murder to be served concurrently with a prison term of 8 to 15 years for

robbery.  (J. of Sentence, ECF No. 1-1, PageID.35.)  Those sentences were to be served consecutively to sentences imposed by the Wayne County Circuit Court on April 14, 2009, for which Petitioner was on parole at the time he committed the Kent County offenses.  (*Id*.)

Petitioner's submissions to this Court do not provide a detailed factual recitation; however, the Michigan Court of Appeals brief attached to the petition reveals that Petitioner was charged with killing Benjamin Coates on October 19, 2018.  (Pet'r's Br., ECF No. 1-1, PageID.23.)  The brief indicates that Petitioner "became enraged with the victim when seeing him with [Petitioner's] fiancé doing lines of cocaine." (*Id*., PageID.24.)  A confrontation ensued.  The victim was asked to leave, but he would not.  Petitioner, ostensibly to protect his children, fought the victim.  Petitioner "blacked out and took out all [of his] pent up anger on Mr. Coat[e]s." (*Id*.)  During the plea proceeding, Petitioner confirmed the statement that "[d]uring the course of this robbery, [he was] stealing drugs and money, [and] strangled Benjamin Coates to death." (*Id*., PageID.26.)  Petitioner also acknowledges in the petition that "[t]his was a drug deal." (Pet., ECF No. 1, PageID.5.)  Petitioner was not arrested until months after the killing, when his fiancé disclosed Petitioner's involvement to police.

The trial court evaluated Petitioner's competency as part of the pretrial proceedings.  (Kent Cnty. Cir. Ct. Register of Actions, ECF No. 1-1, PageID.38–39.)  The court found Petitioner to be competent.  The proceedings continued until the first day of trial when Petitioner entered his plea.  The prosecutor dropped a first-degree murder charge and a third habitual offender enhancement, and agreed to a minimum sentence of 29 years, in exchange for Petitioner's guilty plea to second-degree murder and unarmed robbery.  The Court accepted the plea and sentenced Petitioner consistently with the agreement, as described above.

After sentencing, Petitioner filed a motion to withdraw his plea.  (Kent Cnty. Cir. Ct. Register of Actions, ECF No. 1-1, PageID.41.)  The trial court denied that relief. (Kent Cnty. Cir. Ct. Order, ECF No. 1-1, PageID.36.)  Petitioner, with the assistance of counsel, appealed his convictions and sentences to the Michigan Court of Appeals, raising two issues:  (1) the plea was involuntary because the record does not include a factual basis and because the bargain was illusory; and (2) the trial court erred when assessing points under offense variables 6 and 19. (Pet'r's Br., ECF No. 1-1, PageID.22.)  By order entered October 9, 2020, the Michigan Court of Appeals denied relief for lack of merit in the grounds presented.[2]

On January 7, 2022, Petitioner filed his habeas corpus petition.  Under Sixth Circuit precedent, the application is deemed filed when handed to prison authorities for mailing to the federal court.  *Cook v. Stegall*, 295 F.3d 517, 521 (6th Cir. 2002).  Petitioner placed his petition in the prison mailing system on January 7, 2022.  (Pet., ECF No. 1, PageID.13.)  The petition raises four issues:  the two issues Petitioner raised on direct appeal, and two new issues.  The new issues are "Unofficial consoling," which the Court interprets as ineffective assistance of counsel based on Petitioner's description of the supporting facts (*id.*, PageID.7); and "Uncreditable witness," which appears to challenge the report by "the mother of [Petitioner's] child" of Petitioner's involvement in the crime (*id.*, PageID.10).

Before the Court may grant habeas relief to a state prisoner, the prisoner must exhaust remedies available in the state courts.  28 U.S.C. § 2254(b)(1); *O'Sullivan v. Boerckel*, 526 U.S.

---

[2] *See* https://www.courts.michigan.gov/case-search/?r=1 (search "Marcus Terrell," select "COA #353772," last visited Feb. 20, 2022).  Petitioner failed to timely file an application for leave to appeal the Michigan Court of Appeals decision to the Michigan Supreme Court.  *Id.*; *see also* (Pet., ECF No. 1, PageID.2.)  Petitioner acknowledges the result, but he equivocates as to whether that decision came from the Michigan Court of Appeals or the Michigan Supreme Court.  (Pet., ECF No. 1, PageID.2, 4.)

838, 842 (1999).  Exhaustion requires a petitioner to "fairly present" federal claims so that state courts have a "fair opportunity" to apply controlling legal principles to the facts bearing upon a petitioner's constitutional claim.  *Id.* at 844, 848; *see also Picard v. Connor*, 404 U.S. 270, 275–77 (1971); *Duncan v. Henry*, 513 U.S. 364, 365 (1995); *Anderson v. Harless*, 459 U.S. 4, 6 (1982).  To fulfill the exhaustion requirement, a petitioner must have fairly presented his federal claims to all levels of the state appellate system, including the state's highest court.  *O'Sullivan*, 526 U.S. at 845; *Wagner v. Smith*, 581 F.3d 410, 414 (6th Cir. 2009); *Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990).  The district court can and must raise the exhaustion issue *sua sponte* when it clearly appears that habeas claims have not been presented to the state courts.  *See Prather v. Rees*, 822 F.2d 1418, 1422 (6th Cir. 1987); *Allen*, 424 F.2d at 138–39.

Petitioner bears the burden of showing exhaustion.  *See Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994).  The petition and the publicly available docket from the Michigan appellate courts make clear that Petitioner has not presented any of his habeas issues to the Michigan Supreme Court and has presented only two of his four habeas issues to the Michigan Court of Appeals.

An applicant has not exhausted available state remedies if he has the right under state law to raise, by any available procedure, the question presented.  28 U.S.C. § 2254(c).  Petitioner has at least one available procedure by which to raise the issues he has presented in this application.  He may file a motion for relief from judgment under Mich. Ct. R. 6.500 *et seq.*  Under Michigan law, one such motion may be filed after August 1, 1995.  Mich. Ct. R. 6.502(G)(1).  Petitioner has not yet filed his one allotted motion.  Therefore, the Court concludes that he has at least one available state remedy.  To properly exhaust his claim, Petitioner must file a motion for relief from judgment in the Kent County Circuit Court.  If his motion is denied by the circuit court, Petitioner must appeal that decision to the Michigan Court of Appeals and the Michigan Supreme Court.

*O'Sullivan*, 526 U.S. at 845; *Hafley*, 902 F.2d at 483 ("'[P]etitioner cannot be deemed to have exhausted his state court remedies as required by 28 U.S.C. § 2254(b) and (c) as to any issue, unless he has presented that issue both to the Michigan Court of Appeals and to the Michigan Supreme Court.'") (citation omitted).

Under *Rose v. Lundy*, 455 U.S. 509, 522 (1982), district courts are directed to dismiss mixed petitions—petitions that include some claims that are exhausted and some claims that are not—without prejudice in order to allow petitioners to return to state court to exhaust remedies. However, since the habeas statute was amended to impose a one-year statute of limitations on habeas claims, *see* 28 U.S.C. § 2244(d)(1), dismissal without prejudice often effectively precludes future federal habeas review.  This is particularly true after the Supreme Court ruled in *Duncan v. Walker*, 533 U.S. 167, 181–82 (2001), that the limitations period is not tolled during the pendency of a federal habeas petition.  As a result, the Sixth Circuit adopted a stay-and-abeyance procedure to be applied to mixed petitions. *See Palmer v. Carlton*, 276 F.3d 777, 781 (6th Cir. 2002).

In *Palmer*, the Sixth Circuit held that when the dismissal of a mixed petition could jeopardize the timeliness of a subsequent petition, the district court should dismiss only the unexhausted claims and stay further proceedings on the remaining portion until the petitioner has exhausted his claims in the state court.  *Id.*; *see also Rhines v. Weber*, 544 U.S. 269, 277 (2007) (approving stay-and-abeyance procedure); *Griffin v. Rogers*, 308 F.3d 647, 652 n.1 (6th Cir. 2002). The *Palmer* court indicated that the "stay and abey" remedy would be appropriate only where the petitioner has less than 60 days remaining in his period of limitation.  The court concluded that 30 days would be sufficient time for a petitioner to return to the state court to raise his unexhausted claims by way of a collateral attack; then statutory tolling under Section 2244(d)(2) would apply until the attack was finally resolved in the state courts; and then 30 days would be sufficient time

for a petitioner to return to federal court and raise his fully-exhausted claims by way of an amended petition.  Thus, if a petitioner had more than 60 days remaining in his period of limitation at the time of the habeas court's ruling, all of the claims—exhausted and unexhausted—would be protected.  If a petitioner had less than 60 days, the "stay and abey" remedy would protect the exhausted claims that remained pending but stayed in the federal court, and the unexhausted claims would be protected by statutory tolling and the 60-day period for filing in state court and returning to federal court, a period that the Sixth Circuit now describes as "mandatory equitable tolling." *Griffin*, 308 F.3d at 654; *Griffin v. Rogers*, 399 F.3d 626, 635 (6th Cir. 2005); *Bozsik v. Bagley*, 534 F. App'x 427, 430 (6th Cir. 2013).

The present petition is not mixed.  All of Petitioner's claims are unexhausted.  Moreover, the timeliness of Petitioner's unexhausted claims will depend not only on the statutory tolling or mandatory equitable tolling that will follow, but on the merits of Petitioner's equitable tolling arguments with regard to the time that has already passed.  It does not appear that the future timeliness determination would ever depend on whether this Court dismisses all of Petitioner's claims for lack of exhaustion.  Nonetheless, to ensure that no further time runs on Petitioner's clock, "freezing" the timeliness issue in its present state appears to be a prudent course.

The Supreme Court has held, however, that the type of stay-and-abeyance procedure set forth in *Palmer* should be available only in limited circumstances because over-expansive use of the procedure would thwart the AEDPA's goals of achieving finality and encouraging petitioners to first exhaust all of their claims in the state courts.  *See Rhines v. Weber*, 544 U.S. 269, 277 (2005).  In its discretion, a district court contemplating stay and abeyance should stay the mixed petition pending prompt exhaustion of state remedies if there is "good cause" for the petitioner's failure to exhaust, if the petitioner's unexhausted claims are not "plainly meritless," and if there is

no indication that the petitioner engaged in "intentionally dilatory litigation tactics." *Id.* at 278. Petitioner has made at least a colorable showing regarding cause for his failure to exhaust—the issues are not plainly meritless on their face, and it does not appear that Petitioner has been intentionally dilatory.  Therefore, the Court concludes that the *Rhines* requirements are satisfied.

Accordingly, the Court will stay these proceedings and hold them in abeyance pending Petitioner's exhaustion of state court remedies and his compliance with this Court's order regarding his filing of a motion for relief from judgment in the state courts to exhaust his habeas issues and his return to this Court when that motion is finally resolved.

An order consistent with this opinion will be entered.


Dated: March 9, 2022                                   /s/ Sally J. Berens          
                                                    SALLY J. BERENS
                                                    U.S. Magistrate Judge